Honorable John C. Coughenour

FILED LODGED ENTERED RECEIVED
DEC 19 2016
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE
BY                                        DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR15-202JCC |
|---|---|
| Plaintiff, | **PLEA AGREEMENT** |
| v. | |
| GUSTAVO GARCIA-VALENCIA, | |
| Defendant. | |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Steven Masada and Grady Leupold, Assistant United States Attorneys for said District, GUSTAVO GARCIA-VALENCIA, and his attorney, Bryan Hershman, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1. **Charges**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charges contained in the Fourth Superseding Indictment.

Plea Agreement / *U.S. v. Garcia-Valencia* - 1
No. CR15-202JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a. Conspiracy to Distribute Controlled Substances, a lesser included offense as charged in Count 1, in violation of Title 21, United States Code, Sections 841(a), 841(b)(1)(C), and 846; and

b. Possession of a Firearm by a Prohibited Person, as charged in Count 11, in violation of Title 18, United States Code, Section 922(g)(1).

By entering pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his guilty pleas he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of Offense**. The elements of the offenses to which Defendant is pleading guilty are as follows:

a. The elements of Conspiracy to Distribute Controlled Substances, in violation of Title 21, United States Code, Sections 841(a) and 846, are as follows:

First, beginning at a time unknown, but within the last five (5) years, and continuing to on or about June 30, 2015, there was an agreement between two or more persons to distribute controlled substances; and

Second, Defendant became a member of the conspiracy knowing its object and intending to help accomplish it.

b. The elements of Possession of a Firearm by a Prohibited Person, in violation of Title 18, United States Code, Section 922(g)(1), are as follows:

First, the defendant knowingly possessed a particular firearm;

Second, that particular firearm had been shipped or transported from one state to another, or between a foreign nation and the United States; and

Third, at the time the defendant possessed that firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

3. **The Penalties**. Defendant understands that the statutory penalties applicable to the offenses to which he is pleading guilty are as follows:

Plea Agreement / *U.S. v. Garcia-Valencia* - 2
No. CR15-202JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a. For the offense of Conspiracy to Distribute Controlled Substances: A maximum term of imprisonment of up to twenty (20) years, a fine of up to one million dollars ($1,000,000), a period of supervision following release from prison of at least three (3) years, and a mandatory special assessment of one hundred dollars ($100).

b. For the offense of Possession of a Firearm by a Prohibited Person: A maximum term of imprisonment of up to ten (10) years, a fine of up to two hundred and fifty thousand dollars ($250,000), a period of supervision following release from prison of up to three (3) years, and a mandatory special assessment of one hundred dollars ($100).

If a probationary sentence is imposed, the probation period can be for up to five (5) years.

Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictive conditions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further

Plea Agreement / U.S. v. Garcia-Valencia - 3
No. CR15-202JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

4. **Drug Offenses - Program Eligibility.** Defendant understands that by pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

5. **Enhanced Penalty.** Pursuant to this Plea Agreement, and conditioned upon Defendant's fulfillment of all of its terms and conditions, the United States Attorney agrees not to file an enhanced penalty information alleging Defendant's prior felony drug conviction pursuant to 21 U.S.C. § 851.

6. **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to his immigration status because he is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, including the offense to which Defendant is pleading guilty, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his guilty plea may entail, even if the consequence is his mandatory removal from the United States.

7. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of his peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for him;

Plea Agreement / *U.S. v. Garcia-Valencia* - 4
No. CR15-202JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    d.   The right to be presumed innocent until guilt has been established
2 beyond a reasonable doubt at trial;

3    e.   The right to confront and cross-examine witnesses against Defendant
4 at trial;

5    f.   The right to compel or subpoena witnesses to appear on his behalf at
6 trial;

7    g.   The right to testify or to remain silent at trial, at which trial such
8 silence could not be used against Defendant; and

9    h.   The right to appeal a finding of guilt or any pretrial rulings.

10   8.   **Ultimate Sentence.** Defendant acknowledges that no one has promised or
11 guaranteed what sentence the Court will impose.

12   9.   **Statement of Facts.** The parties agree on the following facts. Defendant
13 admits he is guilty of the charged offense or offenses:

   For a period of time within the last five years, the defendant GUSTAVO GARCIA-VALENCIA knowingly and intentionally entered into an agreement with others to distribute controlled substances, including heroin and methamphetamine, within the Western District of Washington and elsewhere. More specifically, GARCIA-VALENCIA, with others, distributed drugs in Western Washington and elsewhere. For example, in furtherance of the conspiracy, on May 6, 2015, GARCIA-VALENCIA met with an associate in Marysville, Washington, and acquired samples of heroin for re-distribution. ~~The samples related to a prospective larger heroin delivery~~. On May 8, 2015, GARCIA-VALENCIA and an associate went to a residence in Mount Vernon, Washington, where they obtained drugs from a load vehicle used by the conspiracy, which was intended for further distribution.

   On June 30, 2015, investigators conducted a warrant search of GARCIA-VALENCIA's residence, located at 18808 SR 530 NE, Arlington, Washington. Investigators arrested GARCIA-VALENCIA and located packaging material, wire transfer receipts, and numerous cell phones, including the device used to communicate with his aforementioned associate. Investigators also recovered two firearms, namely, an Izhmash, IZH-70, .380 ACP handgun (serial number: BAC1642), with a silencer, from the master bedroom, and an Izhmash, IJ70-18AH, 9mm Makarov handgun (importer serial number: RT02342), with a flash

Plea Agreement / *U.S. v. Garcia-Valencia* - 5
No. CR15-202JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

suppressor, from the laundry room, ammunition, and a holster. Both firearms had been shipped and transported between a foreign nation and the United States.

At the time he knowingly possessed the firearms, GARCIA-VALENCIA had been convicted of a crime punishable by imprisonment for a term exceeding one year, namely, Possession of Controlled Substance (cocaine), in San Mateo County Superior Court, California, and thus was a person prohibited from possessing such weapons.

The parties further agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

10. **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

    a. With regard to Count 1, a base offense level of 30, pursuant to USSG § 2D1.1(c)(4), corresponding to a quantity of methamphetamine and heroin equivalent to at least 1,000 kg but less than 3,000 kg of marijuana;

    b. A two-level increase, pursuant to USSG § 2D1.1(b)(1), based upon the possession of a dangerous weapon (including a firearm); and,

    c. A three-level reduction for acceptance of responsibility, conditioned upon Defendant's fulfillment of the requirements stated at USSG § 3E1.1.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

11. **Sentencing Recommendation Regarding Imprisonment**. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States agrees to recommend that the appropriate term of imprisonment to be imposed by the Court at the time of

Plea Agreement / *U.S. v. Garcia-Valencia* - 6
No. CR15-202JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

sentencing is a term no greater than sixty-six (66) months. Defendant may recommend any sentence authorized by law. Unless otherwise set forth in this agreement, both parties remain free to present arguments regarding other aspects of sentencing, such as the computation of the guidelines range, the term and conditions of supervised release, fines, and restitution.

Defendant understands that the parties' recommendations are not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that he cannot withdraw his guilty plea simply because of the sentence imposed by the district court.

12. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

   a. The Court will determine applicable Defendant's Sentencing Guidelines range at the time of sentencing;

   b. After consideration of the Sentencing Guidelines and the factors in

Plea Agreement / *U.S. v. Garcia-Valencia* - 7
No. CR15-202JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

  c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

  d. Defendant may not withdraw his guilty pleas solely because of the sentence imposed by the Court.

  13. **Acceptance of Responsibility.** At sentencing, *if* the district court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and the defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the district court to decrease the total offense level by three (3) levels pursuant to USSG § 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of his intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

  14. **Forfeiture of Contraband.** Defendant also agrees that if any law enforcement agency seized any firearms or other illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the administrative forfeiture, official use, and/or destruction of said firearms or contraband by any law enforcement agency involved in the seizure of these items.

  15. **Forfeiture of Assets.** Defendant agrees to forfeit to the United States immediately all of Defendant's right, title and interest, if any, in any and all property, real or personal, that was used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the conspiracy to distribute controlled substances, and any property constituting, or derived from, any proceeds Defendant obtained, directly or indirectly, as the result of this offense, that are subject to forfeiture pursuant to Title 21, United States Code, Section 853; and/or any firearms, magazines, and ammunition

Plea Agreement / *U.S. v. Garcia-Valencia* - 8
No. CR15-202JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

involved in the commission of a felony firearm offense in violation of Title 18, United States Code, Section 922(g), including but not limited to:

    a. Two firearms, a silencer, a flash suppressor, magazines and accessories, and ammunition seized from 18808 SR 530, Arlington, Washington, on or about June 30, 2015, to include an Izhmash, IZH-70, .380 ACP handgun (serial number: BAC1642), and an Izhmash, IJ70-18AH, 9mm Makarov handgun (importer serial number: RT02342).

Solely for the purposes of forfeiture, Defendant agrees that the above listed assets are the proceeds of, or were used and intended to be used to facilitate, the unlawful conspiracy to distribute controlled substances as set forth in Count 1.

Defendant agrees to fully assist the United States in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effectuate such forfeiture; assisting in bringing any assets located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any of the listed property in any civil forfeiture proceeding, administrative or judicial, which may be initiated.

The United States reserves its right to proceed against any remaining assets not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if said assets, real or personal, tangible or intangible, constitute or are traceable to proceeds or facilitated violation of Title 21, United States Code, Section 841 *et seq.*

16. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the

Plea Agreement / *U.S. v. Garcia-Valencia* - 9
No. CR15-202JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

17. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of his confinement, (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the

Plea Agreement / U.S. v. Garcia-Valencia - 10
No. CR15-202JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

18. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that by entering the guilty plea(s) required by this plea agreement, Defendant waives all rights to appeal from his conviction and any pretrial rulings of the court. Defendant further agrees that, provided the court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the court at the time of sentencing, Defendant waives to the full extent of the law:

a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

19. **Voluntariness of Plea.** Defendant agrees that he has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises

Plea Agreement / U.S. v. Garcia-Valencia - 11
No. CR15-202JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

contained in this Plea Agreement, were made to induce Defendant to enter his pleas of guilty.

20. **Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

21. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 19th day of December, 2016.

GUSTAVO GARCIA-VALENCIA
Defendant

BRYAN HERSHMAN
Attorney for Defendant

SARAH Y. VOGEL
Assistant United States Attorney

STEVEN MASADA
GRADY LEUPOLD
Assistant United States Attorney

Plea Agreement / *U.S. v. Garcia-Valencia* - 12
No. CR15-202JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970